UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| GEORGE C. MITCHELL AND DONNA M. MITCHELL, | ) ) | Case No. 1:19-bk-10167 MAF |
| | ) | Adversary Proceeding |
| Debtors | ) | Case No. 20-01001 |
| | ) | |
| ANTHONY J. MANHART, Chapter 7 Trustee, | ) ) ) | |
| Plaintiff | ) | |
| v. | ) | Civil No. 1:20-mc-87-DBH |
| LITITZ MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Defendant | ) | |

DECISION AND ORDER ON DEFENDANT'S MOTION
TO WITHDRAW ADVERSARY PROCEEDING

Under this District's Local Rule 83.6(a), all cases and civil proceedings arising under Title 11 are automatically referred to the bankruptcy court. The defendant has moved to withdraw the reference of this adversary proceeding—a contest over whether there is insurance coverage with respect to a 2018 residential fire in Pennsylvania, a non-core proceeding—under 28 U.S.C. § 157(d) and Federal Rule of Bankruptcy Procedure 5011(a). The Chapter 7 trustee for the debtors objects to the motion to withdraw. I heard oral argument by telephone on June 3, 2020. I **Deny** the motion.

Under section 157(d), withdrawal of the reference is discretionary, and the party seeking withdrawal bears the burden of demonstrating cause. Turner v. Boyle, 425 B.R. 20, 23-24 (D. Me. 2010). Factors to consider are: judicial economy; uniformity of bankruptcy administration; reducing forum shopping and confusion; conserving debtor and creditor resources; expediting the bankruptcy process; and demand for a jury trial. Id. at 24. In this case, the defendant insurance company has demanded a jury trial and has not consented to the bankruptcy court conducting a jury trial. Def.'s Mot. at 5, 7 (ECF No. 1). The bankruptcy court cannot conduct a jury trial unless the parties consent. 28 U.S.C. § 157(e). (The defendant's motion to withdraw is timely.)

In its motion, the defendant says that judicial economy, uniformity of bankruptcy administration, reducing confusion, and the jury demand all call for removal of the reference. Mot. at 5-6. In its reply, it adds efficiency and speedy determination of the dispute as factors supporting withdrawal. Reply at 2-3 (ECF No. 5). I am not persuaded. I do not see how withdrawing the reference will further any of those goals here. This District's bankruptcy judges are very capable and run a tight ship. Unlike Article III judges, they are not distracted by the demands of a criminal docket. This is not a complicated case where "educat[ing] two different judges," Reply at 3, need affect judicial or party resources. As for the jury demand, insurance coverage disputes seldom reach a jury, in part because disputes usually involve judicial interpretation of contract language and because insurance companies often are wary of jury attitudes. If this case ever reaches the stage of jury trial, there will be time enough to withdraw the reference. At the moment, all civil jury trials are suspended in this

District due to the COVID-19 pandemic, and I do not know when they will resume.

As Judge Torresen has observed, consideration of the section 157(d) goals

> is affected by two limits on bankruptcy judges' powers.  First, if the Bankruptcy Court lacks the authority to enter a final judgment and would only be able to issue proposed findings of fact and conclusions of law for the district court to review de novo [as in a non-core proceeding like this insurance coverage dispute], withdrawing the reference obviates the need for an extra step of judicial review.  *Even where this concern is implicated, district courts sometimes determine that it would be useful to have the bankruptcy judge's report and recommended decision or that other factors override any inefficiencies.*  Second, if one of the parties has a right to and demands a jury trial before an Article III judge, withdrawing the reference allows the same judge to preside over both pretrial matters and the trial itself.  *Even where this concern is implicated, district courts sometimes determine that it would be more efficient to have the bankruptcy judge manage the proceedings until the case is ready for trial, a procedure that presents no Seventh Amendment problems.*

In re Montreal Me. & Atlantic Ry. Ltd., No. 1:15–mc–22–NT, 2015 WL 3604335, at *8 (D. Me. June 8, 2015) (emphasis added); accord Growe v. Bilodard, Inc., 325 B.R. 490, 492 (D. Me. 2005) (in a case where jury trial is demanded, court can deny motion to withdraw until case is ready for trial).

I conclude that the Turner v. Boyle factors are best promoted by leaving the adversary proceeding in the bankruptcy court at this time.

The Motion to Withdraw the Reference is **DENIED WITHOUT PREJUDICE** to its renewal when the case is ready for jury trial.

**SO ORDERED.**

**DATED THIS 4TH DAY OF JUNE, 2020**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**